## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

In Re:  )
**Donald Kevin Boan**  )  Case No. _____
**123 Sweetbriar Rd**  )  Chapter **13**
**Thomasville, NC 27360**  )
 )
 )
 )
 )
 )
 )
SS#  **xxx-xx-5734**  )
SS#  _____  )
Debtor(s)  )

# NOTICE TO CREDITORS AND PROPOSED PLAN

The Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on **December 31, 2010** .

The filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors. If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and the deadline for objecting to the plan. The official notice will include a proof of claim form.

A creditor must timely file a proof of claim with the Trustee in order to receive distributions under the plan. The Trustee will mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments. If the proof of claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the Court.

# CHAPTER 13 PLAN SUMMARY

The Debtor proposes an initial plan, which is subject to modification, as follows:

**I. Plan Payments**

The plan proposes a payment of **$505.00** per month for a period of **60** months. The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.

**II. Administrative Costs**

1. **Attorney fees.**

    ☒ The attorney for the Debtor will be paid the base fee of $3,000.00. The Attorney has received $**0.00** from the Debtor pre-petition and the remainder of the base fee will be paid monthly by the Trustee as funds are available, after scheduled monthly payments to holders of domestic support obligations and allowed secured claims.

    ☐ The Attorney for the Debtor will file application for approval of a fee in lieu of the presumptive fee.

2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses

**III. Priority Claims**

All pre-petition claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments unless otherwise indicated.

1. **Domestic Support Obligations ("DSO")**

    a. ☒ None

    b. The name, address, and phone number, including area code, of the holder of any DSO as defined in § 101(14A) is as follows:

| Name of DSO Claimant | Address, city, state & zip code | Telephone Number |
|---|---|---|
|  |  |  |

   c. All **post-petition** DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

   d. Arrearages owed to DSO claimants under 11 U.S.C.§ 507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Estimated Arrearage Claim | Monthly Payment |
|---|---|---|
|  |  |  |

2. **Other priority claims to be paid by Trustee**

| Creditor | Estimated Priority Claim |
|---|---|
| **Davidson County Tax Dept** | $1,801.26 |
| **Internal Revenue Service** | $0.00 |
| **North Carolina Department of Revenue** | $0.00 |

## IV. Secured Claims

1. **Real Property Secured Claims**

   a. ☐ None

   b. All payments on any claim secured by real property will be paid by the Trustee unless the account is current, in which case the Debtor may elect to continue making mortgage payments directly. Arrearage claims will be paid by the Trustee as separate secured claims over the term of the plan, without interest.

| Creditor | Property Address | Residence or Non-residence R/NR | Current Y/N | Monthly Payment | Arrearage Amount | If Current Indicate Payment by Debtor (D) or Trustee (T) |
|---|---|---|---|---|---|---|
| Ocwen | 1991 Double Wide 80X24 Curts mobile home and land | R | N | $397.69 | $3,500.00 | T |

2. **Personal Property Secured Claims**

   a. ☒ None

   b. Claims secured by personal property will be paid by the Trustee as follows:

| Creditor | Collateral | Secured Amount | Purchase Money Y/N | Under-secured Amount | Pre-confirmation adequate protection payment per § 1326(a)(1) | Post-confirmation Equal Monthly Amount (EMA) | Proposed Interest Rate |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

The Trustee will disburse pre-confirmation adequate protection payments to secured creditors holding allowed purchase money secured claims. Claims having a collateral value of less than $2,000.00 will not receive adequate protection payments.

*To the extent that the valuation provisions of 11 U.S.C. § 506 do not apply to any of the claims listed above, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. § 1325(a)(5)(A).*

3. **Collateral to be Released**

The Debtor proposes to release the following collateral:

| Creditor | Collateral to be Released |
|---|---|
| **-NONE-** | |

4. **Liens to be Avoided**

The Debtor pursuant to 11 U.S.C. § 522 proposes to avoid the following liens on property to the extent that such liens impair the Debtor's exemption:

| Lien Creditor | Property |
|---|---|
| **-NONE-** | |

## V. Co-Debtor Claims

The Debtor proposes to separately classify for payment in full the following claims for consumer debts on which an individual is liable with the Debtor:

| Creditor | Co-Debtor | Interest Rate | Monthly Payment |
|---|---|---|---|
| **-NONE-** | | | |

**VI. General Unsecured Claims Not Separately Classified**

General unsecured claims will be paid on a pro-rata basis, with payments to commence after priority unsecured claims are paid in full. The estimated dividend to general unsecured claims is __0__ %.

**VII. Executory Contracts/Leases**

a. ☒ None

b. The following executory contracts and/or leases will be rejected:

| Creditor | Nature of lease or contract |
|---|---|
|  |  |

c. The following executory contracts and/or leases will be assumed. The Debtor will pay directly all lease payments which come due from the petition filing date until confirmation of the plan. Upon confirmation, payments will be paid as follows:

| Creditor | Nature of Lease or Contract | Monthly payment | Monthly payment paid by Debtor (D) or Trustee (T) | Arrearage Amount | Arrearage paid by Debtor (D) or Trustee (T) | Arrearage monthly payment |
|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |

**VIII. Special Provisions**

a. ☒ None

b. Other classes of unsecured claims and treatment

c. Other Special Terms

DEBTOR PROPOSES TO PAYOFF OCWEN LOAN IN FULL OVER LIFE OF PLAN

Date: **December 31, 2010**

/s/ Ronald A. Anderson
**Ronald A. Anderson 24920**
Attorney for the Debtor
Address: **P.O. Box 4585**
**Archdale, NC 27263**
Telephone: **336-431-9155**
State Bar No. **24920**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re:

**Donald Kevin Boan**

SS# **xxx-xx-5734**
SS#

Debtor(s)

NOTICE TO CREDITORS
AND
PROPOSED PLAN

Case No. _____

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**

**Kathryn L. Bringle**
**Chapter 13 Trustee**
**Winston-Salem Division**
**Post Office Box 2115**
**Winston-Salem, NC 27102-2115**

**Davidson County Tax Dept**
**P.O. Box 1577**
**Lexington, NC 27293**

**Internal Revenue Service**
**320 Federal Place, Room 335**
**Greensboro, NC 27401**

**North Carolina Department of Revenue**
**P.O. Box 1168**
**Raleigh, NC 27602**

**Ocwen**
**PO Box 24737**
**West Palm Beach, FL 33416**

Date: **December 31, 2010**

**/s/ Ronald A. Anderson**
**Ronald A. Anderson 24920**